# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

| | |
|---|---|
| Arjun Paudel Chhetri, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) Civil Action No.: 3:19-cv-00135-MPM-RP |
| | ) |
| The University of Mississippi. et al, | ) |
| | ) |
|     Defendants | ) |

**PLAINIFF'S MOTION TO DENY DEFENDANTS'S MOTION TO DISMISS**

1

The plaintiff is moving in front of this Honorable District Court with motion to deny defendants's motion to dismiss. The plaintiff has submitted following points in support of his motion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND:

The plaintiff commenced this action in this Honorable District Court by mailing a complaint along with other necessary documents on or around June 12, 2019. *See* Doc. 1, 2 and 3. On June 24, 2019, this Honorable District Court granted plaintiff's motion to proceed *in forma pauperis* thereby authorizing U.S. Marshal for service. *See* Doc. 4.

On or around July 20, 2019, the plaintiff submitted memorandum designating defendants. *See* Doc. 8. On the submitted memorandum the plaintiff clarified that the plaintiff's lawsuit is directed towards Mr. Murry, Director of Student Conflict Resolution and Conduct Center (afterward and shortly known as DSCRCC), and Mrs. Ussery, Title IX Coordinator, in their official capacity. In addition, the plaintiff fills the civil cover sheet in the way that can easily clarify the defendants. *See* Doc. 1 (Attachment).

On September 6, 2019, the university appointed counsel submitted unnecessary motion to dismiss on behalf of University because the counsel knew

2

that the plaintiff's lawsuit is not directed towards the university. *See* Doc. 12 and 13.

On or around November 20, 2019, the plaintiff submitted motion to direct U.S. Marshal for service on DSCRCC and Title IX Coordinator. *See* Doc. 26. On December 10, 2019, defendants were served by U.S. Marshal after this Honorable District Court granted plaintiff's motion. *See* Doc. 31. On December 31, 2019, the defendants's counsel submitted motion to dismiss by claiming that time frame for service is well passed and the service is not proper. *See* Doc. 32 and 33.

Now, the plaintiff is moving with this motion and respectfully requests this Honorable District Court to deny defendants's motion to dismiss or to take any action found appropriate by this Honorable District Court that serves the best interest of justice. The plaintiff is presenting following discussion and analysis in support of his claim.

II. <u>**DISCUSSION AND ANALYSIS:**</u>

1. <u>Defendants's Argument that the Service on Defendants is Well Beyond the Time Frame is Without Merit:</u>

Defendants's argument that the service on defendants, DSCRCC and Title IX Coordinator, is well beyond the time frame is without merit because the defendants conceal the defect that warranted the extension of time to serve. *See Sample v. Holmes County*, 3:12-cv-303-CWR-FKB (S.D. Miss. August 28, 2013)

3

(A discretionary extension may be warranted, "for example . . . if the defendant is evading service or conceals a defect in attempted service) (citing *Millan v. USAA Gen. Indem. Co.*, 546 F. 3d 321, 325 (5th Cir. 2008)).

When the U.S. Marshal serves office of general counsel, the counsel, who is representing DSCRCC and Title IX Coordinator, are well aware of the fact that DSCRCC and Title IX Coordinator were not served because the same counsel were representing the University of Mississippi and they have claim that they have mentioned that the named defendants were not served in their previous motion. *See* Doc. 33.

However, the counsel conceals the defect and mentions nothing regarding it in their initial motion submitted on September 6, 2019. *See* Doc. 12 and 13. Although the counsel has mentioned it in their rebuttal submitted on November 19, 2019, the motion was not served on plaintiff. The plaintiff recently, on January 26, 2020, viewed that rebuttal by logging on PACER.

Moreover, even assuming that the rebuttal was served, that could not have reached up to the plaintiff before submitting motion to direct U.S. Marshal for service because on the very same date, i.e. on November 19, 2019, the plaintiff mailed the motion to this Honorable District Court. These conducts of the counsel, who are currently representing defendants, allows the plaintiff and this Honorable

4

District Court not to be in notice of the defect, unlike they are currently and impliedly claiming that the plaintiff was on notice because of their action.

2. <u>The Plaintiff Prepare for Service of Process by Following Federal Rules of Civil Procedure:</u>

The plaintiff prepare for service of process under Fed. R. Civ. P. 4 (c) (3)[1] and Fed. R. Civ. P. 4(i)(2)[2] which authorizes service by U.S. Marshal and service for individual in the official capacity, respectively. Although the plaintiff has been through both Federal Rules of Civil Procedure and Local Uniform Civil Rule regarding service of process, the plaintiff follows Fed. R. Civ. P. 4(i)(2). The plaintiff generally follows the particular rule as there are no other rules directing the service on officer acting in their official capacity explicitly. Although the Honorable Court in *Moore v. Hoosemann* was decided to determine waiver of service, the plaintiff recently (during the preparation of this motion) found that state officer and federal officer are given the same consideration while facing the lawsuit on official capacity. *See Judeh v. Louisiana State University System*, No.

---

[1] Fed. R. Civ. P. 4 (c) (3) states that at the plaintiff's request, the court may order that service be made by a United States Marshal or deputy Marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U. S. C. § 1915 or as a seaman under 28 U.S.C. §1916.

[2] Fed. R. Civ. P. 4 (i) (2) states that to serve a United States agency or corporation, or a United States officers or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

5

12-1758 (E. D. La. February 20, 2013) ("[T]he most reasonable reading of rule 4 affords state officers facing official capacity suits the same consideration given to federal officers in the same position.") (citing *Moore v. Hosemann*, 591 F. 3d 741, 747 (5th Cir. 2009)).

By generally following the rule, the plaintiff submitted summon for Erica U McKinley, Chief Legal Officer and General Counsel, for University of Mississippi. Later on the plaintiff submitted memorandum designating the defendants to avoid future confusion during the proceeding along with two additional copies of complaints that need to be serve on defendants, DSCRCC and Title IX Coordinator. And, this Honorable District court must consider the submitted memorandum and copies of complaints while determining the validity of service or while taking any other appropriate action. *See Dunlap v. City of Fort Worth*, No. 4:13-CV-802-O (N.D. Tex. April 7, 2014) (The court, in making a determination on the validity of service must look outside the complaint to determine what steps, if any, the plaintiff took to effect service) (internal quotation mark omitted).

3. <u>Even Under Fed. R. Civ. P. 4(j)(2), the Plaintiff's Service of Process is Proper:</u>

Even assuming that the plaintiff has strict liability to follow service of process under Fed. R. Civ. P. 4(j)(2), his service of process is proper under the rule 4(j)(2)(A) except the mode of delivery which is the responsibility of U.S. Marshal.

6

And, not following Honorable Magistrate Judge's order regarding the mode of delivery and applying good faith to locate the defendants are faults on their part that cannot be attributable to plaintiff. *See Rochon v. Dawson*, 828 F. 2d 1107, 1110 (5th Cir. 1987) ([W]e hold that a plaintiff proceeding in forma pauperis is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant.).

In addition, the plaintiff respectfully requests not to imply that the plaintiff is not following the rules by stating "strict liability". Like presented in discussion and analysis 2, the plaintiff is reasonably following the rule especially when the rules are not explicit.

Under Fed. R. Civ. P. 4(j)(2)(A), the service is proper on state-created governmental organization when summon and complaint are served by delivering a copy to its chief executive officer. And, the Chief Executive Officer "includes any person employed in an executive capacity by a board or commission who can reasonably expect to notify the government entity of its potential liability". *See Stewart v. Perry*, No. 1:07-cv-1270-WJG-JMR (S.D. Miss. January 14, 2009). Also, service is proper when the service is made on delegated employee of Chief Executive Officer. *See Bellue v. Louisiana Workforce Commission*, No. 15-00509-

7

BAJ-SCR (M.D. La. December 16, 2015) (Service to a subordinate of an executive director of a state or local government entity statisfies rule 4(j)(2)).

Here, in the instant case the University of Mississippi is the state-created governmental organization. *See Winton v. University of Tennessee*, No. 1:13-cv-131-HSM-WBC (E.D. Tenn. January 27, 2015) (Rule 4(j)(2) sets forth the requirements for service of a "state-created governmental organization" such as the university . . . .). The Chief Executive Officer of which is president, Wendell W. Weakley. *See https: // bloomberg.com/profile/person/15353043*. And, Erica U McKinley, Chief Legal Officer and General Counsel, is a subordinate to Chief Executive Officer through Chancellor, Glenn Boyce, of the university. *See https: // irep.olemiss.edu/wp-content/uploads/sites/98/2019/10/Chancellors_Division-20191016.pdf* (Chancellor's division chart). Also, Chief Legal Officer and General Counsel is a person who is reasonably expect to notify university and employee of their potential liability in legal issue. *See https: // olemiss.edu/info/bios/mckinley.html* (McKinley advises the chancellor, vice chancellors, faculty and staff on various legal, regulatory and compliance matters affecting the university). And, Chief Legal Officer and General Counsel was served on or around August 10, 2019 by U.S. Marshal service.

Thus, the plaintiff's service on Erica U McKinley, Chief Legal Officer and General Counsel, is proper to satisfy Fed. R. Civ. P. 4(j)(2). In addition, defendants

8

has not stated that the service on Chief Legal Officer and General Counsel is not proper to satisfy rule 4(j)(2)(A).

## III. REQUESTED RELIEF:

Based on the above discussion and analysis, the plaintiff respectfully requests this Honorable District Court to deny defendants's motion to dismiss or to take any action found appropriate by this Honorable District Court that serves the best interest of justice. In addition, the plaintiff respectfully requests the defendants to move towards the merit of this case by admitting or denying the claim rather than submitting meritless motion.

## DECLARATION STATEMENT

I, Arjun Paudel Chhetri, declare under the penalty of perjury and under the law of the United States that above presented statements are true and correct on the best of my knowledge, information, belief and experience. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Date: January 29, 2020

Respectfully Submitted,

Arjun Paudel Chhetri

9

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

| | |
|---|---|
| ArjunPaudelChhetri | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No.: 3:19CV-135-MPM-RP |
| | ) |
| The University of Mississippi, et al. | ) |
| | ) |
| Defendants | ) |

## PROOF OF SERVICE

I, ArjunPaudelChhetri (Plaintiff), on January 27, 2020, serves "Plaintiff's Motion to Deny Defendants's Motion to Dismiss" and "Proof of Service" to the following parties through electronic mailing.

1. United States District Court
   Northern District of Mississippi
   Oxford Division
   Email: judge_percy@msnd.uscourts.gov

2. Mayomallette PLLC
   Paul Bowie Watkins, Jr; John Andrew Mauldin
   Email: pwatkins@mayomallete.com
   Email: dmauldin@mayomallete.com

I declare under the penalty of perjury that the above statements are true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Date: January 29, 2020

Respectfully Submitted,

ArjunPaudelChhetri

1