IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ARJUN PAUDEL CHHETRI                                                                                     PLAINTIFF

V.                                                            CIVIL ACTION NO. 3:19-CV-00135-NBB-RP

THE UNIVERSITY OF MISSISSIPPI;
TRACY MURRY, Director of Student Conflict
Resolution and Conduct, HONEY USSERY,
Title IX Coordinator                                                                                            DEFENDANTS

## MEMORANDUM OPINION

This cause comes before the court upon the defendants' motions to dismiss for lack of personal jurisdiction due to insufficient service of process, filed pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5). Upon due consideration of the motions, responses, and applicable authority, the court is ready to rule.

### Background

The plaintiff, Arjun Paudel Chhetri, filed this action for violation of due process in a university disciplinary procedure using this court's *pro se* general complaint form on June 21, 2019, and listed the University of Mississippi, Tracy Murry, and Honey Ussery as defendants, but listed only the University under the section entitled "Parties in this Complaint." He provided the Office of General Counsel as the University's address. The court granted Chhetri's motion to proceed *in forma pauperis* and ordered the United States Marshals Service to serve process on the defendant.

Chhetri later filed a memorandum claiming his lawsuit is directed only toward Tracy Murry and Honey Ussery in their official capacities and that he did not intend to proceed with a claim against the University. Chhetri later filed a motion asking the court to direct the Marshals Service to serve Murry and Ussery. The magistrate judge granted the request finding it was

"clear from a review of the Complaint that plaintiff intended to identify both Tracy Murry and Honey Ussery as defendants." [Doc. 28]. The magistrate judge directed the clerk of court to issue a summons to both defendants and directed they be served personally at their place of employment. The summonses were issued, but neither Murry nor Ussery was personally served. Instead, the Marshals Service mailed a copy of the summons and complaint to each. Both defendants did receive the summons and complaint mailed to them in early December 2019.

## Analysis

As an initial matter, the court notes that Chhetri has made clear he does not intend to proceed with a claim against the University, and the University's motion to dismiss will be granted. The court will now address the individual defendants' motion to dismiss.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolph Wolff & Co.*, 484 U.S. 97, 104 (1987). "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If, however, the plaintiff "shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Under Rule 4(m), good cause requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Gartin v. Par Pharm. Companies*, 289 F. App'x 688, 692 (5th Cir. 2008). "A litigant's *pro se* status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013). Further, while "[l]itigants should be entitled to rely on the court officers and United

States Marshals to effect proper service when the Marshals Service was ordered to perfect service," if the failure to effect proper service is due to a fault on the litigant's part, the fact that the Marshals Service was directed to serve the defendants is insufficient to avoid dismissal. *Brown v. Davis*, 656 F. App'x 920, 921 (11th Cir. 2016) ("Brown did not remedy the service [by the Marshals] or ask for a continuance to do so. . . . Accordingly, we affirm the dismissal of [the unserved defendant] from the suit.").

In the present case, the United States Marshals Service apparently attempted to serve Murry and Ussery under Miss. R. Civ. P. 4(c)(3),[1] which provides that some defendants, under state court procedures, may be compelled to pay the costs of service if they do not accept service via mail. This service occurred well outside Chhetri's 90-day window for service, however, and was procedurally deficient. First, the Mississippi Rules of Civil Procedure do not allow a plaintiff to serve an in-state defendant by mail absent the defendant's signing and returning an acknowledgement form, and the rules specifically provide that the plaintiff must accomplish service via other means if no such acknowledgement is returned. Miss. R. Civ. P. 4(c)(3)(B). Because no such acknowledgement was returned in this case, proper service was not accomplished. Additionally, Mississippi's service via mail option applies only to individuals and certain private business entities. The Fifth Circuit, interpreting the Federal Rules' now-amended counterpart to the Mississippi mail provision, determined that the cost-shifting service by mail provision did not apply to state government officers sued in their official capacity. *See Moore v. Hosemann*, 591 F.3d 741, 747 (5th Cir. 2009).

---

[1] Fed. R. Civ. P. 4(e)(1) provides that "[a]n individual … may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

The service attempts here occurred respectively 172 and 173 days after the filing of the plaintiff's complaint – well outside the 90-day limitation provided by Rule 4 – and Murry and Ussery still have not been properly served. Chhetri failed to identify and provide the required service information for the defendants when he filed his form complaint. He later asked for Murry and Ussery to be served by mail in a manner inconsistent with the Federal Rules of Civil Procedure. Further, though he was aware that the clerk of court had not issued a summons to either individual defendant earlier in the litigation, he did not request that the clerk issue additional summonses; nor did he request additional time in which to accomplish service. As noted above, neither Chhetri's *pro se* status nor his ignorance of the Federal Rules of Civil Procedure are a sufficient basis for excusable neglect, and his non-compliance with Rule 4 results in the dismissal of his case.

<u>Conclusion</u>

For the foregoing reasons, the court finds that the defendants' motions to dismiss are well taken and should be granted. The defendants' motion to strike Chhetri's sur-rebuttal to defendants' reply in support of their motions to dismiss is well taken but shall be denied as moot. A separate order in accordance with this opinion shall issue this day.

This 22nd day of September, 2020.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE